**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30058 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00280-RSL-1 |
| v. | |
| DAVID POSEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

David Posey appeals from the district court's judgment and challenges the 37-month sentence imposed following his guilty-plea conviction for tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Posey contends that the district court procedurally erred by using an incorrect Guidelines range as the touchstone for the sentence, and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court used the correctly calculated, undisputed Guidelines range as the starting point and initial benchmark for the sentence, and sufficiently explained its determination that a sentence within that range would not adequately account for Posey's extensive criminal history. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Posey also contends that the sentence is substantively unreasonable because the district court gave undue weight to his criminal history. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Posey's criminal history and the nature of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

19-30058